The case of the day is United States v. Reaves Mr. Esker Thank you, your honor May it please the court My name is Blake Esker, and I represent the appellant in this case, Mr. Andre Reaves As you know, the issues in this case surround a warrantless automobile search that took place in September of 2013 If I may, I'll begin by addressing the consent issue in this case, as that was the basis upon which the district court denied the motion to suppress There are multiple bases upon which the consent search can be invalidated, the first of which being that it was beyond the scope of the consent provided by Andre Reaves The Supreme Court has held that the scope of the consent is one of objective reasonableness and is generally defined by its expressed object This court has stated that the police may not obtain consent based on the reputation that they'll search for a certain object, but continue to search a vehicle and just conduct a general search In this case, Andre Reaves was in an automobile and was pulled over for an alleged traffic violation The police officers asked if he had been drinking, to which he said no, and they asked if there were any open containers, to which he said no The police then asked if they could take a look around It's reasonable to think that Mr. Reaves believed that this was the extent of the search that would take place, to look for open containers or to look for any alcohol However, the government is trying to construe this consent that was provided to mean that Mr. Reaves consented to, more than 30 minutes later, a search of his trunk and the removal of panels This simply was beyond the scope of the consent provided The consent was also terminated upon the arrest of Mr. Reaves' girlfriend, Jacqueline Seekins They had searched the vehicle, she was arrested for driving without a license, and at that point the officers who testified stated that they believed that consent had ended They stated this multiple times in their testimony The government is claiming that we should look for a clear and unequivocal revoking of this consent that was provided by Mr. Reaves However, it seems unreasonable to believe that he should clearly revoke this consent when the officers at the scene, multiple officers with decades of experience, believe that this consent was already terminated The government also says, multiple times in the brief, that the police reasonably believed that this consent was still intact at the time that they continued the search of the vehicle However, this is just untrue, because the officers themselves testified that they believed that the consent was removed at the time that Seekins was arrested The government also says that in order to determine whether a defendant has withdrawn or limited his consent, you must look at what is reasonably apparent to a reasonable inquiring officer But again, there were multiple officers at the scene with decades of experience who believed that consent was withdrawn Finally, Mr. Reaves was removed from the scene of the crime prior to them starting this search once again The search that they claim is still the consent search He was removed against his will He asked if he could stay He also asked if he could drive the car away because he had a valid license However, both were denied and he was removed from the scene It seems improbable that he would have an ability to withdraw his consent when he was Esker, I know that all of this is in the record and that below the government argued a lot of the issues that you're arguing But tell me, given the amount of investigation the Peoria Police Department did in this case prior to stopping that car, its information from the CI, the controlled buys, putting the GPS on the car Why didn't they just simply have probable cause to arrest this guy and search his car? Period Why did they need all of this causatory about whether he went over the line and all this kind of stuff? It seems to be a probable cause Well, Your Honor, that was a decision made by the government The government at the district court level relied primarily on this automobile exception Primarily? Not exclusively, right? Yeah, the probable cause was mentioned in passing, however, it wasn't supported with authority Well, my question to you is why isn't it sufficient? There was minimal discovery provided on the confidential informant I did not provide counsel at the district court level, however From looking at the record, there was minimal discovery provided on the confidential informant It also begs the question of if the police believe that this probable cause existed, why the government didn't submit that as the primary argument at the district court and why Mr. Reeves was removed from the scene if probable cause existed for his arrest at the time However, he was still removed prior to the discovery of any contraband The district court also sought to Well, you're being invited by Judge Ripple, you're certainly being invited by me if you were not invited by him to address probable cause on the merits If it was raised in the district court, then we need to decide on appeal whether there was probable cause Because if there was, the rest of this apparatus just falls out Was there probable cause or wasn't there, in your view? I believe that there wasn't probable cause We didn't specifically address this probable cause determination because the district court didn't make any meaningful ruling in regards to probable cause The district court relied primarily on this consent to justify the search Yes, but one can affirm a judgment on a ground on which the district judge didn't rely if it was preserved in the district court, and you just said it was preserved in the district court It was mentioned So, should we affirm on that ground? That's what I'm trying to get at I do not believe you should affirm on that ground It was mentioned in the district court, however, it was not supported with authority You don't support probable cause with authority, you support it with facts Do the facts show probable cause? We haven't been provided adequate information on the confidential informant The confidential informant actually merely provided the information that was known to nearly anyone who would know the defendant, Mr. Reeves He provided the name, he picked him out of a photo lineup and mentioned that he drives to Detroit to acquire drugs, however, Mr. Reeves is from the Detroit area so that would be known to anyone He did participate in controlled buys, however, that does nothing more than establish the fact that Mr. Reeves was a small-time heroin dealer So, I do not believe that there is sufficient information in the record to justify a probable cause determination Thank you Thank you, Mr. Esker Mr. Krishna May it please the Court, Praveen Krishna for the United States As your Honor's questions have pointed out, probable cause provides the simplest basis for affirming the judgment below And then why wouldn't it? Wasn't this the main thrust to the government's argument in the district court? Well, the district court opinion refers to the probable cause argument as the government's first argument defending both the stop and the search And the district court also ordered supplemental briefing on the issue of probable cause And the government's very first witness at the suppression hearing was Officer Justin Sinks who headed up the heroin investigation So, in your view, this was the district court's option, not the government's, to take to get into the line crossing question and everything in some detail That's correct For the question about why did the government rely on a traffic violation to stop the car That's often a police practice because, for example, we might not have found the drugs in Mr. Reeves' car And if we had stopped it and arrested him for heroin possession then we would have alerted him to the investigation whereas it might have been a better course to let things proceed However, whatever reasons we offer for stopping him the fact is we certainly had probable cause based on four controlled buys Indeed, for two of those controlled buys at least the police saw Mr. Reeves use the same Pacifica that he was stopped in to go to the location of the buys In addition, the confidential informant identified the Pacifica as the car that Mr. Reeves used on multiple occasions to go to Detroit and obtain his heroin Now, Mr. Reeves has just said that the government didn't provide adequate discovery about this investigation The full extent of this discovery isn't in the record but I note that governments exhibit number one to the suppression hearing which is the search warrant for Mr. Reeves' stash house That was provided ahead of time and that contains a detailed account of its investigation It describes how the tip that the informant provided was corroborated It also identifies at least two controlled buys In fact, to the extent that there are differences for example, the warrant does not identify the specific amount of heroin that was involved in each of these controlled buys Mr. Reeves was able to supply that at the suppression hearing He was able to cross-examine Officer Sinks about this issue So, the government's heroin investigation and the probable cause argument are amply within the record and are a sufficient basis for this court to affirm the judgment below I'm happy to answer any other questions this court might have Otherwise, I'd like to yield my time Thank you, counsel. Anything further, Mr. Esker? This is very briefly, Your Honor The government mentions Justin Sinks who headed the investigation and he was on Interstate 74 the night that Mr. Reeves was pulled over However, he directed the traffic stop based on the alleged violation that Officer Miller had seen There was no discussion of any probable cause Officer Miller wasn't even aware of any of the facts supporting probable cause at the time that he was pulled over The government also mentions these controlled buys in the Chrysler Pacifica However, this is all information that would have been known to nearly anyone that knew Reeves and it establishes nothing more than the fact that he was a small-time heroin dealer The fact that the confidential informant knew who Mr. Reeves was that he traveled to Detroit where Mr. Reeves' family was located all that information would be known by nearly anyone who knew Mr. Reeves I'm not sure where that takes you Showing that somebody is a small-time heroin dealer sounds like probable cause to believe that he's a small-time heroin dealer and therefore committing a crime But the fact that it supports that he's a small-time heroin dealer doesn't support this investigation to where they just have a leave to search his vehicle You don't have to show how big the stash is You just have to show probable cause that a crime is being committed But there was nothing linking the trips to Detroit other than the fact that this confidential informant knew that Mr. Reeves traveled to and from Detroit The fact that the vehicle was involved was not the issue As he mentioned, the vehicle was only involved in these transactions twice and the information on the controlled buys the detailed information was not provided to us So it's difficult to understand how they would have free reign to pull the panels away in his Pacifica just based on this Thank you Well, thank you very much Mr. Esker We appreciate your willingness and that of your law firm to accept the appointment in this case and your assistance to the court as well as your client The case is taken under advisement and the court will be in recess Thank you